IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LAND CLEARING CO., LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0645-WS-M |
| | ) |
| **NAVISTAR, INC.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motion to Remand (doc. 5). The Motion has been briefed and is now ripe for disposition.

**I.     Background.**

On November 18, 2010, plaintiff, Land Clearing Co., LLC, filed its Complaint against Navistar, Inc. and certain fictitious defendants in the Circuit Court of Choctaw County, Alabama. The Complaint alleged state-law claims for misrepresentation, breach of warranty, and breach of contract arising from Land Clearing's purchase of a truck from Navistar for $104,941.41. According to plaintiff, that vehicle did not perform as represented, was defective, and was not repaired by Navistar when Land Clearing notified it of these problems. The *ad damnum* clause of the Complaint stated as follows: "[T]he Plaintiff demands $74,000.00 from the Defendant. Plaintiff does not seek nor will it accept more than $74,000.00." (Doc. 1-1, at 6.)[1]

Nearly a full year later, on November 4, 2011, Land Clearing filed an Amended Complaint in state court, naming Caterpillar, Inc. as an additional defendant, on the theory that Caterpillar had manufactured the truck's diesel engine, had supplied plaintiff with a warranty for that engine, and had been unable to repair it successfully. The Amended Complaint alleged claims against Caterpillar for breach of warranty and against both defendants for failure of the

---

[1] Plaintiff reinforced this limitation when, in response to requests for admission from Navistar on December 29, 2010, it repeated the language from its pleading that "the Plaintiff does not seek nor will it accept more than $74,000." (Doc. 1-1, at 51.)

warranty's essential purpose.  The *ad damnum* clause of the Amended Complaint stated that Land Clearing demanded judgment "in such sums of compensatory and punitive damages as a jury may assess after a fair and accurate consideration of the facts of this cause."  (Doc. 1-1, at 30.)[2]

On November 16, 2011, Navistar (with the written consent of Caterpillar) removed this action to this District Court pursuant to 28 U.S.C. §§ 1441 and 1446.  Federal subject-matter jurisdiction was predicated on 28 U.S.C. § 1332, supported by allegations that there was complete diversity of citizenship and the amount in controversy exceeded $75,000.  Navistar's interpretation of the Amended Complaint was that "Plaintiff has now removed the $74,000.00 damages cap and added a demand for punitive damages.  Plaintiff has clearly conceded that his initial valuation of the case was incorrect and it is now seeking beyond the minimum jurisdictional requirement necessary to properly remove the case."  (Doc. 1, at 9.)

Plaintiff endeavors to remand this action to state court, arguing that the threshold amount in controversy is not satisfied.  Navistar (the removing defendant) has consented to such remand, so long as this Court expressly confirms plaintiff's representation that it will not seek to recover in excess of $75,000.  (*See* doc. 8.)  Land Clearing readily agrees to that language.  (*See* doc. 11, ¶ 1.)  However, Caterpillar objects and insists that removal jurisdiction is proper because the

---

[2] Confusingly, the Amended Complaint was not an integrated, standalone pleading; rather, it only set forth plaintiff's new claims and allegations (listing those causes of action as Counts IV and V), without reciting the previously alleged facts and causes of action from the original Complaint.  The Amended Complaint expressly "adopt[ed] and realleg[ed] all claims, demands and averments as are set forth in the original Complaint."  (*Id.* at 28.)  Such adopting and re-alleging would presumably encompass the original *ad damnum* clause, wherein Land Clearing stated that it did not demand and would not accept damages in excess of $74,000.  Because the Amended Complaint also carried its own *ad damnum* clause, there was ambiguity as to whether the relief demanded at the end of the Amended Complaint was intended to supplement or to supplant the original clause.  In other words, was Land Clearing claiming compensatory and punitive damages, subject to the $74,000 limitation specified in the original Complaint, or did it intend for the later-filed *ad damnum* clause to supersede its predecessor?  This uncertainty directly resulted in the Notice of Removal and accompanying federal motion practice.  More careful pleading by plaintiff – and adherence to the best practice of filing all-inclusive amended pleadings rather than piecemeal amended pleadings that incorporate by reference (rather than re-alleging) large swaths of earlier filings – would have alleviated this confusion and, most likely, obviated the need for proceedings to adjudicate the presence or absence of removal jurisdiction.

purchase price of the truck was in excess of $104,000 and plaintiff is seeking other categories of damages such as lost production revenue, mental anguish, and punitive damages. (*See* doc. 10.)

## II. Analysis.

### A. *Legal Standard for Motion to Remand.*

A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must demonstrate the existence of federal jurisdiction. *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) ("[i]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists") (citation omitted); *Sammie Bonner Const. Co. v. Western Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003) ("Because Western Star sought removal to federal court, it bore the burden of proving that Bonner's claims satisfied the minimum amount in controversy requirement."). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. *See University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction).[3]

There being no federal question presented in the Complaint, Navistar's sole theory of removal was diversity of citizenship. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("For federal diversity jurisdiction to attach, all parties must be completely diverse … and the amount in controversy must exceed $75,000.") (citations omitted). "In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction … [and] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Morrison v. Allstate Indem.*

---

[3] *See also Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1333 (11th Cir. 1998) (expressing preference for remand where removal jurisdiction is not absolutely clear); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (uncertainties regarding removal are resolved in favor of remand).

*Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (citations omitted); *see also Osting-Schwinn*, 613 F.3d at 1086 (similar).

### B. The Amount in Controversy.

As noted, the sole issue presented in Land Clearing's Motion to Remand is whether the § 1332 amount-in-controversy requirement is satisfied.

The removing defendants plainly bear the burden of proof on this issue.  Specifically, "[i]f a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citations and internal quotation marks omitted).  In shouldering this burden, a removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).  Rather, the defendant may satisfy its burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper."  *Roe*, 613 F.3d at 1061 (citations omitted).  What the defendant may not do, however, is rely exclusively on "conjecture, speculation, or star gazing" to show the requisite amount in controversy.  *Pretka*, 608 F.3d at 754.

Plaintiff asserts that Caterpillar (the only defendant contesting the Motion to Remand) cannot meet this burden and that the preponderance of the evidence clearly establishes that plaintiff did not and does not seek damages in excess of the jurisdictional minimum.  In support of its position, Land Clearing relies on the following circumstances: (i) specific and detailed $74,000 limit on the face of the original Complaint that was not expressly negated by the Amended Complaint; (ii) counsel's representation that the reference to punitive damages in the Amended Complaint was inadvertent; (iii) plaintiff's pre- and post-removal "initial" settlement demands of $67,500; (iv) plaintiff's filing of a Second Amended Complaint (doc. 6) within days after removal, deleting the punitive damages claim and bearing an *ad damnum* clause reflecting that "Plaintiff does not seek nor will it accept more than $74,000"; (v) plaintiff's ready acquiescence to Navistar's proposal that any remand order should include "some language restricting the Plaintiff's claims to $74,000" (doc. 11, at ¶ 1); and (vi) plaintiff's counsel's

steadfast representations as an officer of the court that "Plaintiff never intended to make any claim in excess of $74,000" (*id.*).

Plaintiff's showing is compelling. To be sure, Caterpillar is correct that the amount in controversy must be measured as of the date of removal, not afterwards based on ensuing developments. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) ("The existence of federal jurisdiction is tested at the time of removal."); *see also Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("we note that for purposes of this challenge … the critical time is the date of removal …. If jurisdiction was proper at that date, subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction."). It is likewise true that "events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1291 (11th Cir. 2000), *overruled in part on other grounds in Alvarez v Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007).[4]

But these authorities do not stand for the proposition that post-removal facts must <u>never</u> be considered in evaluating removal jurisdiction. Rather, the law is clear that post-removal developments are properly weighed where they shed light on the amount in controversy at the time of removal. *See Pretka*, 608 F.3d at 772-73; *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). "[W]hat is prohibited are post-removal changes in the amount in controversy, not post-removal clarifications of the amount that was in controversy at the moment of removal." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp.2d 1279, 1282 (S.D. Ala. 2009). Thus, if a plaintiff comes forward after removal and clarifies (as opposed to altering) facts bearing on the amount in controversy, courts in this Circuit routinely accept such evidence in determining whether § 1332 jurisdiction existed at the moment of removal. *See, e.g., Hardy v. Jim Walter Homes, Inc.*, 2007 WL 1889896, *3 & n.6 (S.D. Ala. June 28, 2007) (accepting plaintiffs' post-removal affidavits averring that they do not seek and will not accept more than

---

[4] *See also The Burt Co. v. Clarendon Nat'l Ins. Co.*, 2010 WL 2616868, *1 (11th Cir. July 1, 2010) ("events occurring after removal, such as the post-removal amendment of a complaint to remove certain claims, which may reduce the damages recoverable below the amount in controversy requirement, do not divest the district court of jurisdiction").

$74,000 in damages, reasoning that "[u]nder firmly entrenched Circuit precedent, these affidavits are properly considered to clarify the amount in controversy at the time of removal").

Land Clearing's evidence is exactly the sort of clarification that courts examine in ascertaining whether the $75,000 amount-in-controversy threshold was present when the notice of removal was filed. Plaintiff's counsel's insistence that his client does not seek, and will not accept, more than $74,000 from defendants looms large in the jurisdictional inquiry, and merits considerable deference. *See, e.g., Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) (where plaintiff's lawyers, who "are officers of this court and subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose," represent that plaintiff does not seek and will not accept damages greater than the jurisdictional minimum, "we give great deference to such representations and presume them to be true").[5] Here, we have far more than just plaintiff's counsel's post-removal statement to this effect. As discussed in footnote 2, *supra*, there was ambiguity in the pleadings as to whether the $74,000 limitation recited in the original Complaint was adopted or superseded in the Amended Complaint. Plaintiff's counsel has fully explained his intentions in that regard, representing to opposing counsel and this Court that the punitive damages reference in the Amended Complaint was inadvertent and that plaintiff never intended to seek more than $74,000. This explanation is bolstered by pre- and post-removal initial settlement demands of $67,500, which tend to show that plaintiff believes its claims are worth less than the jurisdictional threshold.[6] And plaintiff filed a clarifying Second Amended Complaint within

---

[5]  *See also Millhouse v. Brannen*, 2011 WL 672337, *1 (M.D. Ga. Feb. 16, 2011) (remanding case to state court where "the Plaintiff has agreed that he will not seek to recover and will not accept any amount in excess of $75,000 from the Defendants"); *Sutton v. Progressive Direct Ins. Co.*, 2011 WL 196163, *1 (M.D. Ala. Jan. 20, 2011) ("based on Sutton's affidavit and the representation of counsel that the Plaintiff does not seek and will not accept more than $74,000 in damages, this court finds that the amount in controversy does not exceed $75,000"); *Wallace v. Kentucky Fried Chicken*, 2008 WL 4531773, *6 n.13 (S.D. Ala. Oct. 9, 2008) ("In weighing motions to remand, courts in the Eleventh Circuit credit representations of counsel that their clients will neither seek nor accept recovery exceeding the jurisdictional amount."); *Watson v. Nuvell Financial Services, LLC*, 2008 WL 110923, *3 & n.2 (M.D. Ala. Jan. 9, 2008) (remanding for want of proof of amount in controversy, where plaintiff's attorney clearly stated that plaintiff would not accept an award of greater than $75,000).

[6]  "While [a] settlement offer, by itself, may not be determinative, it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994); *see also Ruyle v.* (Continued)

days after removal to emphasize its intention at all times never to seek or accept more than $74,000 in damages.

Taken together, this evidence weaves a persuasive story.  From the inception of this case, Land Clearing never sought, nor intended to accept, greater than $74,000 in damages from defendants.  The *ad damnum* clause in the original Complaint unambiguously specified that intention.  A subsequently filed Amended Complaint was drafted in a manner that created uncertainty about whether damages sought by plaintiff exceeded the $75,000 threshold.  Navistar seized on that ambiguity, removing the action based on its interpretation of the Amended Complaint that Land Clearing "has clearly conceded that his initial valuation of the case was incorrect."  (Doc. 1, at 9.)  But plaintiff's counsel, as an officer of the court, now represents that "Plaintiff never intended to make any claim in excess of $74,000" (doc. 11, at 1), and bolsters that representation by pointing to pre- and post-removal settlement demands, discovery responses, the original Complaint, and the Second Amended Complaint filed immediately after removal.  Viewed in the aggregate, these facts strongly indicate that at the moment of removal, the amount in controversy was below the $75,000 threshold.

Defendant Caterpillar (but not Navistar, the originally removing defendant) opposes remand of this action to state court; however, none of its arguments are sufficient to carry defendants' burden of showing that the § 1332 amount-in-controversy requirement is satisfied.  First, Caterpillar asserts that "only the Complaint and Amended Complaint are relevant" (doc. 10, at 2) to the jurisdictional inquiry.  This is incorrect, as shown by the authorities cited *supra*, in which other materials were properly considered.  Second, Caterpillar insists that the amount-in-controversy threshold must be satisfied because the Complaint recites the purchase price of the truck as $104,941.41 (Complaint, ¶¶ 8, 12, 16) and the Amended Complaint specifies that the

---

*Safeco Ins. Co. of America*, 640 F. Supp.2d 1262, 1266 (D. Idaho 2009) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *Wickline v. Dutch Run-Mays Draft, LLC*, 606 F. Supp.2d 633, 637 (S.D. W.Va. 2009) (in considering propriety of federal removal jurisdiction, "courts may consider, among other items, evidence of any settlement demands made by the plaintiff prior to removal") (citations and internal quotation marks omitted); *Simmons v. PCR Technology*, 209 F. Supp.2d 1029, 1032 (N.D. Cal. 2002) ("A settlement letter *may* provide a reasonable estimate of plaintiff's claim.").

truck is now "virtually worthless" and "has little, if any, value" (Amended Complaint, ¶¶ 4, 9.) Considering these allegations together, Caterpillar reasons that the amount in controversy must be at least $104,941.41, which is plainly in excess of the jurisdictional minimum, no matter what Land Clearing says the value of its claims is.  But plaintiff, not defendant, is the master of its Complaint.  *See Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) ("the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading" his claims in a manner calculated to achieve that result)  (citation omitted); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (similar).  As a general proposition, if plaintiff wants to cap its damages recovery at an amount below that which the pleadings might otherwise support, it is plaintiff's prerogative to do so.  *See, e.g., Adamson v. SmithKline Beecham Corp.*, 2011 WL 6778814, *4 (M.D. Ala. Dec. 27, 2011) ("A plaintiff may choose to sue for less than the jurisdictional amount if he or she does not wish to be in federal court, and Plaintiff has done so in this case."); *First Guar. Bank & Trust Co. v. Reeves*, 86 F. Supp.2d 1147, 1154-55 (M.D. Fla. 2000) ("a plaintiff may purposefully reduce the amount he demands in a suit to an amount lower than his actual damages if he desires to remain in a state court").[7]  Land Clearing having expressly limited its recovery here, that limitation will not be cavalierly cast aside.  "We will not assume – unless given reason to do so – that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also McGinty v. Dunn*, 2010 WL 5175122, *2 (M.D. Ga. Nov. 30, 2010) ("Generally, the court should defer to the value the plaintiff places on his claim.").

---

[7] Caterpillar's reliance on *Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2010) is misplaced.  In *Roe*, the Eleventh Circuit found that where a complaint seeks indeterminate damages, "the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." *Id.* at 1061.  But the Complaint in this case clearly specified that plaintiff wished to limit its damages to $74,000, and the Amended Complaint did not expressly abrogate, supersede or otherwise alter that limitation.  What we have here, then, is not just plaintiff's estimate of the value of its claims, but a hard cap on recovery that plaintiff has imposed.  Similarly, the Eleventh Circuit's unpublished decision in *The Burt Co. v. Clarendon Nat'l Ins. Co.*, 2010 WL 2616868 (11th Cir. July 1, 2010) is distinguishable, inasmuch as there is no indication in that case that the plaintiff had consistently hewed to the position that it was not seeking and would not accept more than $74,000 in damages (as Land Clearing has done here).

Nor can defendant meet its burden of showing removal jurisdiction by hypothesizing "what-if" scenarios in which the verdict might exceed plaintiff's self-imposed cap. If the law were otherwise, then "anytime a plaintiff sued for less than the jurisdictional amount but there remained even a possibility that she would amend her claim or be awarded more than she pleaded, jurisdiction would exist. This approach would unacceptably broaden removal jurisdiction … [and] allow state rules of procedure to determine when federal jurisdiction existed." *Burns*, 31 F.3d at 1096-97. No such argument can avail Caterpillar here.

## III.   Conclusion.

For all of the foregoing reasons, it is the opinion of this Court that the defendants have not met their burden of establishing that it is more likely than not that the amount in controversy at the time of removal exceeded $75,000, as necessary to support federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. What's more, plaintiff's counsel's pre- and post-removal representations and pleadings confirm that plaintiff does not (and never has) sought to recover more than $74,000 in damages in this case. As such, the Court concludes that there is no federal subject-matter jurisdiction over this action and that removal was improper.

Based on plaintiff's counsel's consistent and unequivocal representations to this Court, the state court, and opposing counsel that plaintiff never intended to make any claim in excess of $74,000, that plaintiff does not seek and will not accept damages in excess of $74,000 (exclusive of interest and costs), and that plaintiff will never seek to recover more than that amount, the Motion to Remand (doc. 5) is **granted**. This action is **remanded** to the Circuit Court for Choctaw County, Alabama for further proceedings.

DONE and ORDERED this 23rd day of January, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE